IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRENTON H. NORRIS,

    Plaintiff,

v.

LOUIS E. VARELA NEVAER,

    Defendant.

No. C 04-04375 SI

**ORDER RE: PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

    On June 3, 2005, the Court heard oral argument on plaintiff's motion for entry of default judgment. Defendant did not appear at the hearing. Having carefully considered the papers submitted by plaintiff, the Court hereby GRANTS the motion for default judgment and ORDERS plaintiff's counsel to submit a further proposed order and supplemental materials regarding attorneys' fees.

    Plaintiff brought this suit for damages for (1) stalking, (2) defamation, (3) false light, (4) intentional infliction of emotional distress, and (5) tortious interference with prospective economic advantage on October 15, 2004. Plaintiff filed a request for entry of default on January 13, 2005. He now seeks entry of default judgment awarding $50,000 in compensatory damages, $50,000 in punitive damages, and a permanent injunction. The Court will GRANT the default judgment in these amounts and enter the injunction proposed by plaintiff.

    Plaintiff also seeks $350,279 in attorneys' fees incurred in this matter since February 10, 2003.[1] Attorneys' fees may be awarded as part of the default judgment in this case pursuant to Cal. Code Civ. P. § 1021.4, which provides: "In an action for damages against a defendant based upon that defendant's

---

[1] Plaintiff's counsel does not seek fees attributable to work performed on this case before February 10, 2003, or costs for outside investigation, service of process, or security services.

commission of a felony offense for which that defendant has been convicted, the court may, upon motion, award reasonable attorney's fees to a prevailing plaintiff against the defendant who has been convicted of the felony." Defendant pled guilty to the felony offense of stalking on December 28, 2004, in San Francisco County Superior Court.  For several years before filing suit on October 15, 2004, plaintiff's law firm had been investigating the case, "defending Norris against Nevaer's campaign of harassment, including obtaining a civil restraining order against Nevaer, assisting the San Francisco District Attorney's office in its criminal prosecution of Nevaer, and researching, developing, and pursuing this litigation." Berkowitz Decl. ¶ 10.

While the Court finds that plaintiff is entitled to a fee award under C.C.P. ¶ 1021.4 and California's attorneys' fees statutes, it must consider whether all of the fees requested are reasonable. The billing records submitted in support of plaintiff's motion reflect work done in litigating civil restraining orders obtained in state court against Nevaer, as well as the extensive assistance provided to the San Francisco District Attorney's office in its criminal prosecution of defendant for stalking.  The Court is not persuaded that those efforts are sufficiently related to the federal diversity action filed in this Court to warrant an award of attorneys fees by this Court.  Accordingly, the Court ORDERS plaintiff's counsel to submit supplemental billing records that omit, to the extent possible, the hours spent on these tasks or on research and strategy focused solely on the state civil and criminal actions against Nevaer.  Plaintiff may recover: (1) fees incurred in general case strategy, research, and investigation related to this case; (2) fees incurred in working specifically on this case; and (3) all fees incurred after December 28, 2004, when defendant was convicted of the felony offense on which the fee request is based.

These records must be submitted **on or before July 8, 2005, along with a revised proposed order granting plaintiff's motion for default judgment of $50,000 in compensatory damages, $50,000 in punitive damages, the preliminary injunction as proposed in plaintiff's prior order, and the new attorneys' fee amount.**

**IT IS SO ORDERED.**

Dated: June 27, 2005

S/Susan Illston
SUSAN ILLSTON
United States District Judge

2